FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 25 2014

CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL HARRIS, | Case No. CV 14-00516 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising three disputed issues. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

Plaintiff contends that the Administrative Law Judge ("ALJ") failed to give proper consideration to the opinion of Plaintiff's treating orthopedic surgeon, Daniel A. Capen, M.D. (JS 3-10.)

In September 2010, Dr. Capen began treating Plaintiff for injuries sustained in a motor vehicle accident that occurred while Plaintiff was working as an auto parts delivery person. (AR 28, 266-79.) Plaintiff reported experiencing pain with lifting and

carrying more than 20 pounds, overreaching, prolonged weight bearing, and lifting his left upper extremity above his shoulder and back. (AR 270.) Plaintiff presented with an antalgic gait, and had tenderness, spasm and reduced range of motion in the cervical and lumbosacral spine. (AR 235, 239, 245, 249, 254, 258, 262, 271, 272.) Dr. Capen ordered a number of diagnostic procedures to fully assess Plaintiff's impairments (i.e., MRIs of Plaintiff's spine and knee, ultrasounds of Plaintiff's shoulders and knees, x-rays of Plaintiff's spine and shoulder, and EMG/NCV studies of Plaintiff's upper extremities), and diagnosed Plaintiff with disc herniation at C5-6 and C6-7, bilateral shoulder impingement syndrome, L4-5 disc herniation, bilateral knee tendinopathy, and headaches. (AR 235, 239-41, 245, 249, 250, 254, 258, 262, 273, 274.) Dr. Capen also prescribed a variety of treatment modalities (i.e., numerous medications, a cervical home traction unit, a TENs unit, acupuncture, chiropractic treatment, shockwave therapy, a cane, and a hinged knee brace). (AR 235, 240-41, 245, 250, 254, 262, 273, 274.) Dr. Capen opined that Plaintiff was temporarily totally disabled for workers' compensation purposes. (AR 236, 241, 246, 250, 254, 259, 263, 276.)

In October 2011, Plaintiff underwent a consultative examination performed by internist Concepcion A. Enriquez, M.D. (AR 302-05.) Plaintiff's examination revealed tenderness in the cervical and lumbosacral spine areas, with decreased range of motion, tenderness of the left knee, and tenderness in both wrists. (AR 305.) Straight leg testing was positive in the supine position on the left side, but negative in a sitting position. (AR 305.) Dr. Enriquez concluded that Plaintiff was capable of lifting and/or carrying 25 pounds frequently and 50 pounds occasionally, standing and/or walking 6 hours in an 8-hour workday, and sitting 6 hours in an 8-hour workday. (AR 305.) Dr. Enriquez also found that Plaintiff was capable of frequent above-the-shoulder lifting, pushing, and pulling frequently, and frequent squatting, crouching, kneeling, bending, stooping, and twisting. (AR 305.) Dr. Enriquez opined that Plaintiff did not need a cane, as his gait and balance were normal. (AR 305.)

The ALJ found that Plaintiff has a residual functional capacity ("RFC") for the full

range of medium exertional work, as defined in 20 C.F.R. § 416.967(c), and concluded that Plaintiff was capable of performing his past relevant work. (AR 16-17, 19-20.) In assessing Plaintiff's impairments and limitations, the ALJ gave great weight to Dr. Enriquez's opinion. (AR 16, 19.) The ALJ noted that Dr. Enriquez's opinion was well supported by his examination of Plaintiff and did not place undue reliance on Plaintiff's subjective symptoms. (AR 19, 302-05.) In contrast, the ALJ gave minimal weight to Dr. Capen's opinion. (AR 19.) The ALJ criticized Dr. Capen's findings, as unsupported by the "weak" objective evidence. (AR 19.) The ALJ also suggested that Dr. Capen's recommendation that Plaintiff pursue ongoing medical treatment was motivated by the possibility of secondary financial gain related to Plaintiff's workers' compensation case. (AR 16, 19.)

Plaintiff contends that the ALJ did not apply the correct legal standards in discounting Dr. Capen's opinion. (JS 3-10.) The Commissioner responds that the ALJ properly relied on the opinion of the examining internist, Dr. Enriquez, who found only minor symptoms and limitations. (JS 13.) The Commissioner also notes that the ALJ was not bound by Dr. Capen's opinion, as it was unsupported by the objective evidence. (JS 10-13.)

An ALJ is permitted to rely upon an examining or consulting physician's opinion over that of a treating physician if the ALJ provides "specific and legitimate" reasons for doing so. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("When evidence in the record contradicts the opinion of a treating physician, the ALJ must present 'specific and legitimate reasons' for discounting the treating physician's opinion, supported by substantial evidence.") (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) ("Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing."); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons

Page 3

supported by substantial evidence in the record."). Here, although the ALJ accorded significant weight to Dr. Enriquez's examining physician opinion, the ALJ's reasons for rejecting Dr. Capen's treating physician opinion were not specific and legitimate.

The ALJ asserted that the objective medical evidence was "weak" in comparison to Dr. Capen's opinion, yet the ALJ failed to adequately address the objective, clinical findings and assessments of record that offered support for Dr. Capen's conclusions. (AR 16, 19.) For example, x-rays of Plaintiff's spine and left shoulder showed significant narrowing and kyphotic deformity at C5-6 and C6-7, retrolisthesis and some disc space narrowing at L4-5, and a downsloping acromion of the left shoulder. (AR 273.) Examination of Plaintiff revealed abnormal objective findings relating to Plaintiff's cervical spine and lumbar spine (i.e., tenderness and limited range of motion of the cervical spine and lumbar spine, positive straight leg raising bilaterally, positive head compression sign, positive Spurling's maneuver, and positive sciatic stretch), left shoulder (i.e., positive impingement maneuver, positive Neer's test, positive Hawkin's maneuver, restriction of motion in the left shoulder, and anterior acromioclavicular joint tenderness), and knee (i.e., positive patellar grinding, positive McMurray's test, crepitus with motion, medial joint tenderness, and mildly reduced range of motion). (AR 239, 249, 258, 262, 271, 272, 273.) Dr. Enriquez's examination of Plaintiff also revealed tenderness and decreased range of motion in Plaintiff's cervical spine and lumbar spine, and positive straight leg testing in the supine position on the left side. (AR 304-05.) Thus, the ALJ's statement that Dr. Capen's opinion lacked the support of objective clinical findings was conclusory and contradicted by the medical evidence. *Reddick*, 157 F.3d at 725 ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

The ALJ's assertion that Dr. Capen may have been motivated by the possibility of secondary financial gain from Plaintiff's workers' compensation case is also not a legitimate reason for rejecting his opinion. (AR 16, 19.) The record contains no

Page 4

independent basis to support such a theory. It was improper for the ALJ to rely on speculation to reject Dr. Capen's opinion. *See, e.g., Lester*, 81 F.3d at 832 (holding that "unwarranted speculation" that doctors misrepresented claimant's condition for purpose of collecting disability benefits is not a sufficient basis for rejecting claimant's physician's opinion; evidence of "actual improprieties" is required).

The ALJ's error in rejecting Dr. Capen's opinion without setting forth specific and legitimate reasons for doing so cannot be considered harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (a harmless error is one which is "'inconsequential to the ultimate nondisability determination' in the context of the record as a whole") (quoting *See Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (the relevant inquiry in harmless error analysis "is whether the ALJ's decision remains legally valid, despite such error"). The ALJ posed hypothetical questions to the vocational expert ("VE") that did not adequately reflect Dr. Capen's findings. (AR 38.) The record, therefore, is inconclusive as to whether the VE's testimony and the ALJ's ultimate disability determination would have been different, had the ALJ accepted Dr. Capen's findings and opinion. *See Embrey*, 849 F.2d at 422 ("Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant, including, for example, pain and an inability to lift certain weights."). It is thus necessary for the ALJ to further develop the record, and give consideration to Dr. Capen's findings and opinion on remand.

Accordingly, Plaintiff is entitled to remand on Issue #1.[1]

---

[1] Plaintiff asks that the Court credit Dr. Capen's opinion as true, and remand for an award of benefits. (JS 10.) However, application of the credit-as-true rule is not appropriate under the facts of this case. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (A court may remand for an award of benefits under the credit-as-true rule where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."). The VE's testimony did not indicate whether a person with the impairments described by Dr. Capen could perform Plaintiff's past
(continued...)

Issue #2

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting his subjective symptom testimony. (JS 14-19.)

At his administrative hearing, Plaintiff asserted that pain in his neck, back, and wrists prevent him from working. (AR 29.) Plaintiff also reported suffering from moodiness, depression, feelings of hopelessness, paranoia, difficulty with concentration and communication, and an inability to sit or stand for more than 5 minutes. (AR 175, 184.) Plaintiff testified that his daily activities consist of sitting in his house or going to his friend's house before picking up his daughter from school. (AR 34.) In his disability report, Plaintiff claimed that he does not go out by himself, shop, or engage in sports, and is unable to prepare meals due to limitations in his ability to concentrate and stand. (AR 186-88.) Plaintiff stated that he needs his wife's assistance to maintain his personal care (i.e., shaving, dressing, bathing, caring for his hair, and using the toilet), and needs to be reminded to take his medications. (AR 185-86.)

In finding Plaintiff's subjective complaints not fully credible, the ALJ noted inconsistencies in Plaintiff's statements. (AR 15); *see Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (in weighing a claimant's credibility, and ALJ may consider "inconsistencies in testimony or between testimony and conduct"); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (inconsistent statements and a tendency to exaggerate provide a valid basis for discrediting the testimony of a claimant); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (The ALJ may consider Plaintiff's reputation for truthfulness, prior inconsistent statements concerning her symptoms, and other testimony by Plaintiff that appears less than candid.). The ALJ noted that although Plaintiff claimed that his daily activities were extremely limited, Plaintiff admitted to the

---

[1] (...continued) work or any other work. (AR 38.) Thus, even if Dr. Capen's opinion were credited as true, the record is not fully developed, and the ALJ could still find that Plaintiff is not disabled on remand.

examining psychiatrists that he was able to shop, play sports, and go places by himself. (AR 15, 34, 185-86, 284, 310.) Plaintiff also admitted that he was able to cook and clean. (AR 34, 185, 284.) Given the clear conflict in Plaintiff's descriptions about his abilities and daily activities, the ALJ properly found Plaintiff's testimony not entirely reliable.

The ALJ further found that Plaintiff's complaints about his reported mental limitations were not supported by the objective medical evidence in the record. (AR 15-16); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). There was no record of prior mental health treatment, and the examining psychiatrists assessed no significant limitations in functioning. (AR 15-16, 285, 311.) The lack of objective medical evidence supporting Plaintiff's alleged mental impairments was a clear and convincing reason for rejecting his credibility. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may consider the inconsistency between claimant's subjective complaints and objective medical findings in the credibility analysis).

Finally, the ALJ cited Plaintiff's poor employment history in support of the adverse credibility determination. (AR 16.) The ALJ noted that Plaintiff's earning records "reflect a very sparse and sporadic work history throughout his adulthood, including long before any alleged onset of mental or physical impairments." (AR 16.) Plaintiff does not challenge the ALJ's characterization of his work history. Indeed, the record indicates that Plaintiff earned no income in 1990, 1994, 1997, 1998, 1999, 2000, 2001, 2002, or 2004, and that the most he has ever earned in a single year was $13,501.00. (AR 155.) The ALJ's interpretation of the evidence was reasonable and his decision to consider Plaintiff's poor work history when assessing Plaintiff's credibility was proper. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (an ALJ may properly rely on a claimant's "extremely poor work history," showing "little propensity to work in [his] lifetime," as a reason for finding the claimant's subjective complaints

Page 7

not credible); *see also* Social Security Ruling 96-7p (in assessing a claimant's credibility about pain or other symptoms and the limiting effects of such symptoms, the ALJ must consider all of the evidence in the case record, including the claimant's "prior work record and efforts to work").

For the reasons stated and based on the relevant record, the Court concludes that the ALJ provided specific, clear and convincing reasons for finding Plaintiff not fully credible. *See Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. Accordingly, reversal or remand is not warranted based on Issue #2.

### Issue #3

Plaintiff contends that the ALJ improperly rejected the opinion of the examining internist, Dr. Enriquez. (JS 24-25.) Specifically, Plaintiff argues that the ALJ failed to provide specific, legitimate reasons for rejecting Dr. Enriquez's findings that Plaintiff was able to engage in frequent, above-the-shoulder lifting, pulling and pushing, and frequent crouching, kneeling, bending, stooping and twisting. (JS 24-25; AR 305.)

Contrary to Plaintiff's assertion, the ALJ did not reject Dr. Enriquez's findings. Rather, the ALJ stated that he gave the "greatest weight" to Dr. Enriquez's opinion. (AR 19.) While the ALJ did not specifically discuss Dr. Enriquez's findings with respect to Plaintiff's ability to lift, pull, push, crouch, kneel, bend, stoop, and twist, the ALJ appears to have implicitly adopted such findings in assessing Plaintiff with an RFC for the full range of medium work. (AR 16-17); *see* Dictionary of Occupational Titles ("DOT"), Fourth Ed. 1991, App. C. But even if the ALJ erred in failing to address all of Dr. Enriquez's findings, the error was "inconsequential to the ultimate nondisability determination," in the context of the record as a whole. *See Molina*, 674 F.3d at 1122. Neither of Plaintiff's past jobs relied on by the ALJ at step four required more than frequent above-the-shoulder level work or postural movements. (AR 19-20, 37-39); *see* DOT 230.663-010 (auto parts delivery person), and DOT 869.484-018 (blinds installer). Nevertheless, given the Court's conclusion that the case must be remanded for further consideration of the treating physician's opinion, the parties may wish to clarify this

matter on remand.

Accordingly, reversal or remand is not warranted based on Issue #3.

## ORDER

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds a remand is appropriate because there are unresolved issues that, when properly resolved, may ultimately still lead to a not disabled finding. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353 (2002) (upon reversal of administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (internal quotation marks and citation omitted); *Garrison*, 759 F.3d at 1021. Accordingly, the present case is remanded for further proceedings consistent with this Memorandum and Order.

IT IS THEREFORE ORDERED that a judgment be entered reversing the Commissioner's final decision and remanding the case so the ALJ may make further findings consistent with this Memorandum and Order.

DATED:   September 25, 2014

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE